Abduwali Abdukhadir Muse
#70636-054
Federal Correctional Inst.
PO BOX 33
Terre Haute, IN 47808

November 1, 2023

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
599 Pearl St.
New York, NY 10007-1312

      Re:   USA v. Muse, S1 09 Cr.512 (LAP)

Dear Judge Preska:

      Please find enclosed my Rebuttal of Government's Letter in Opposition to my Compassionate Release Motion.

      Sincerely,

      Abduwali Abdukhadir Muse

Case No. 1:09-cr-00512-LAP
Rebuttal of Governments letter in opposition

In the first paragraph the government alleges "shocking crimes of terrorism...". Mr. Muse was never even suspected of any acts of terrorism. Much less charged, tried, convicted or sentenced for anything related to terrorism.

This is blatant character assassination based upon Mr. Muse's race, religion and nationality, inteded to mislead this court. Mr. Muse's crime was economically motivated.

Page 2 Paragraph 3 the government alleges an indepth conversation between Mr. Muse and Captain Phillips. Captain Phillips did not testify against Mr. Muse. At the time Mr. Muse spoke no English and Captain Phillips spoke no Somali. Thusly, all communication between Mr. Muse (et al) and the U.S. Navy was conducted through interpreters. The government can't have it both ways.

Page 2 @ 2, the government points out deaths that occured approximately 10 months after Mr. Muse's arrest. This is irrelevant to the motion at hand.

The government repeatedly mentions the alleged involvement in the hijacking of an additional two ships. But his should not be able to be submitted as it falls under acquited conduct. Thus is a non-issue.

Page 3 @ 3, the issue of Mr. Muse's undetermined age should be taken into consideration. Since the time of sentencing, numerous courts have recognized that all ages considered by all-(15-21yrs)- the brain is still developing. And as the government stated, Mr. Muse acquiesed to the age stipulation solely for the purposes of a plea. Not because of it's accuracy.

Page 4 paragraph 3, the government's use of the term "so-called 'compassionate release'" shows the contempt the government has for this statute as well as respect for this court and it's procedings.

Page 5 paragraph 3, there are several factors not applicable in the original 2010 sentencing. These are well documented in the original filing. Primarily Mr. Muse's lack of violence in a violent enviroment.

1 of 3

Since this filing there have been COVID-19 diagnosis in both inmates and staff which led to yet another lockdown of inmates and staff not reporting to work and the hospitalization of inmates.

As to Mr. Muse's disciplinary record. The government alleges Mr. Muse is a terrorist. Yet does not explain how minor prison infractions increases his threat to a sociaty he will never enter. Being in an unauthorized area: stepping over a line painted on a sidewalk.
Interfering with count: not standing up on demand.
Mail abuse: Mr. Muse trusted another inmate fo file legal documents for him.
Disprutive conduct: so ambiguous it could be anything.

Most of these can be attributed to mal-adjustment to an American prison and the language barrier.

But note the 5 year gap (2014-2019) that was incident free. This shows a level of comprehension and language adaptation.
Refusing to obey a direct order: This is the BOP equivelent to not taking out the trash.
Paragraph 6 @ B, as stated previously. There are numerous 3553(a) factors not applicable in 2010 that apply today. With the exception of the very few minor incident reports, the government does exactly what it falsly claims Mr. Muse is doing.

That is rehashing "facts" from 2010. Mr. Muse's argument for Compassionate Release/sentence reduction is far more compelling than the governments argument against it. The unchanged analysis the government loves to emphasize is not up to the government. It is quite obviously this courts right to decide if any significant factors have indeed changed.

Page 7 paragraph 1, again the governemnt uses subliminal language to impart terrorism to this case where none exists. The government says that "standing alone" compels this court to deny. Well, if that's the governments "go to", it fails miserably because there is no "terrorism" to be had here. Just common banditry. As stated in the next paragraph with the mention of ransom. Terrorism in common usage implies acts undertaken with the motivation being politically or religiously motivated. If applied fairly, then every crime could be terrorism instead of economic.

2 of 3

Page 7 paragraph 3, again, Mr. Muse refers to the language barrier. Again, acquited conduct with iffy jurisdictional provenance. Again, the verbal implanting of the phrase "terrorist bombing" on the courts psyche. Even the comparison shows the governments lack of respect for this courts common sense.

Page 7-8, no one not directly involved in the crime even remembers this from 15 years ago. Young pirates to-be have no idea of this. So, incarcerating another youthful offender beyond what is realistically necessary is only for spite. Not deterence.

Page 8 paragraph 1. BOP infractions-except for weapons/violence- do not translate into a danger to the community. To think so is laughable to all but those who blow everything out of proportion.

Page 8 paragraph 2. The government scorns the BOP "low risk" classification. But none the less it shows rehabilitation. The governments sole argument about this extensive rehabilitation Mr. Muse has undergone is simply that as an alleged "terrorist", Mr. Muse is underserving. That's it. Nothing more.

It is clearly irrefutable that Mr. Muse's rehabilitation is a transformation rarely seen.

From zero days of schooling to a G.E.D. tutor for other inmates. From the scourge of the high seas to someone who has had zero violence in almost 15 years.

Mr. Muse anticipated numerous delays. Thus, the 50% mark is quickly approaching.

Mr. Muse does merit appointment. He has met every threshhold in requiring assistance.

In conclusion, Mr. Muse has met every burden for consideration. The governments thinly veiled attemps to impart unproven allegations as their basis of objections only solidifies his grounds.

Respectfully,